UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80767-CIV-MARRA

CAROL VIGLIAROLO,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Remand and Motion for Attorney's Fees and Expenses (DE 4).  The Motion is ripe for review.

**I. Background**

Plaintiff had an automotive insurance policy with Defendant GEICO with a $100,000 per person bodily injury limit.  Compl. Ex. A (DE 1-1).  On January 16, 2011, Plaintiff's dog, which at the time was in Plaintiff's car, bit a child.  Compl. (DE 1-1).  A lawsuit ensued, and a judgment was entered against Plaintiff for $128,200 and taxable costs.[1]  (DE 1-2).

Plaintiff initiated this case in state court seeking a declaratory judgment (Count I) and specific performance (Count II), as well as damages of $28,200 pursuant to a bad faith claim (Count III).  Compl. (DE 1-1).  Plaintiff also sought attorney's fees under Fla. Stat. § 627.428.  *Id.*  Thereafter, the state court entered an agreed order dismissing Counts I and II with prejudice, and

---

[1]GEICO asserts that it has paid the taxable costs.

Defendant removed this case on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In support of the Petition for Removal Defendant filed a Declaration of Michael C. Foster, Esq. who estimated that Plaintiff's attorney's fees potentially attributable to GEICO under Fla. Stat. § 627.428 would total between $107,712 and $123,825 over the course of this litigation.

Plaintiff moved for remand. Plaintiff concedes that the parties are diverse, but argues that the amount in controversy is less than $75,000. Plaintiff acknowledges that attorney's fees may be considered in determining whether the amount-in-controversy requirement has been met, and that there is conflicting case law in the Southern District of Florida with respect to whether the amount of fees should be calculated as of the date of removal, or through the end of the case. Plaintiff calculates that the attorney's fees would need to equal approximately $47,000 in order to meet the necessary $75,000 threshold. Further, Plaintiff asserts that at the time of removal her attorney's fees were "nowhere near" that amount. Defendant opposes Plaintiff's motion.

**II. Discussion**

"The rule of construing removal statutes strictly and resolving doubts in favor of remand, . . . , is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006). "A removing defendant," in this case GEICO, "bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447 (West).

A district court has jurisdiction over civil cases between citizens of different states where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a)(1) (West). Nevertheless, "[w]hen a statute authorizes the recovery of attorney's

fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Further, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (considering whether the $5 million amount-in-controversy requirement under 28 U.S.C. § 1332(d) was satisfied); *Rogatinsky v. Metro. Life Ins. Co.*, 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. 2009) (the amount of attorney's fees is calculated at the time of removal for jurisdictional purposes); *but see Brown v. Am. Exp. Co., Inc.*, 09-61758-CIV, 2010 WL 527756, at *7 (S.D. Fla. 2010) ("Conflicting case law exists as to whether the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal or through the end of the case" (citing cases)).

Lastly, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West). The statute does not create a bias either for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Here, Plaintiff seeks damages of $28,200, and her attorney's fees at the time of removal did not exceed $46,800. Thus, the amount-in-controversy requirement is not satisfied, and this Court lacks subject matter jurisdiction over this case. However, Defendant did not lack an objectively reasonable basis for removal. Therefore, Plaintiff is not entitled to the attorney's fees.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand

and Motion for Attorney's Fees and Expenses (DE 4) is **GRANTED IN PART and DENIED IN PART**.  This case is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of May, 2014.

_____
KENNETH A. MARRA
United States District Judge